JEFFREY L. BORNSTEIN – 099358
ANDREW G. SPORE – 308756
ROSEN BIEN GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, California 94105-2235
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: jbornstein@rbgg.com
vswearingen@rbgg.com

Attorneys for Defendant
JAMES F. APPENRODT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH J. GIRAUDO; RAYMOND A. GRINSELL; KEVIN B. CULLINANE; JAMES F. APPENRODT; and ABRAHAM S. FARAG,<br><br>Defendants. | Case No. 14-cr-0534-CRB<br><br>**JAMES APPENRODT'S REPLY TO UNITED STATES' SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. SECTION 5K1.1**<br><br>Judge: Hon. Charles R. Breyer<br>Date: April 26, 2018<br>Time: 1:30 p.m. |

In its sentencing memorandum, the government does two significant things:

First, it made a motion for a downward departure under U.S.S.G. § 5K1.1 for substantial assistance. This means that the Court may depart downward from the agreed upon sentencing guidelines range of 8-14 months when calculating the appropriate range. While the government's recommended 10 percent reduction is entitled to substantial weight, it is not binding on the Court. "The nature, extent, and significance of assistance can involve a broad spectrum of conduct that must be evaluated by the court on an individual basis. Latitude is, therefore, afforded the sentencing judge to reduce a sentence based upon variable relevant factors. . ." U.S.S.G. § 5K1.1, cmt. Background; *see also United States v. Udo*, 963 F.2d 1318, 1319 (9th Cir. 1992) ("In section 5K1.1 departures, just as in any other departure, the government has no control over the extent of the departure.").

Once the government makes a motion under 5K1.1, the Court can award a downward departure for cooperation, before also considering the § 3553(a) factors that may favor a further reduction. *See United States v. Malone*, 828 F.3d 331, 341 (5th Cir. 2016) ("[T]he district court (1) calculates the advisory sentencing range; (2) considers the specific offender characteristics and grounds for departure enumerated in the Guidelines [including § 5K1.1 assistance]; and (3) weighs the applicable factors in 18 U.S.C. § 3553(a) as a whole."). Applying the 5 factors set forth in Guideline, Mr. Appenrodt pled guilty after the Court found that the government's extensive wiretapping around the courthouse to be illegal and the government had finally decided to dismiss the mail and wire fraud charges following Judge Hamilton's decision in the East Bay cases. Judge Schubb in the Eastern District was also critical of this theory at sentencing in those cases before him. Mr. Appenrodt was truthful, complete and reliable in the information he provided and agreed to testify if necessary.

While we appreciate the government's motion, it is unfortunate that the government downplays the value of Mr. Appenrodt's assistance without discussing what caused him to delay in taking responsibility for his conduct and cooperating with the government sooner.

It was Mr. Appenrodt's work to vindicate his constitutional rights with respect to the illegal gathering of electronic evidence around the San Mateo Courthouse and the government's overreach by insisting on guilty pleas to the now dismissed mail fraud charges that prevented his early cooperation in this case. *See* Sentencing Memo, Dkt. No. 302, at 9:12-26. For this he should not be penalized. "The United States wins its point whenever justice is done its citizens in the courts" Inscription in the United States Department of Justice Building in Washington, D.C.

The second, and more important, take away from the government's sentencing memorandum is its failure to address all of the other factors set forth in the detailed sentencing recommendation made by the Probation Officer, especially the need to avoid unwarranted sentencing disparities. Thirty-five similarly situated East Bay defendants received non-custodial sentences, including the six defendants we identified in our opening sentencing memorandum whose conduct appear most analogous to Mr. Appenrodt's. *See* Sentencing Memo, Dkt. No. 302, at 5-7. Attached hereto as **Exhibit A** is a list of these thirty-five defendants and information about their respective sentences. While some of these defendants received a sentence involving a period of home detention, for the reasons set forth in Mr. Raju's Sentencing Recommendation, home detention/location monitoring is not warranted in this case. *See* SR at Page 3.

Indeed, none of the sentences of the six defendants highlighted in Mr. Appenrodt's sentencing memorandum included home detention, and each of those defendants performed a role in the conspiracies closely paralleling that of Mr. Appenrodt, as illustrated by the minor-participant guidelines reduction that each received. The government did not discuss this issue, but instead relies only on the general language of Guidelines Section 2R1.1, note 5, stating a preference for custodial sentences in antitrust cases. But the Guidelines even without the reduction for substantial assistance, authorize probation for Mr. Appenrodt. U.S.S.G. § 5B1.1(a)(2); PSR ¶ 59. And, as the Probation Officer found, the combination of factors appropriately considered under § 3553(a), including the need to avoid sentencing disparities, Mr. Appenrodt's clean record, his work

1 history, his minor role, the fact that he "did not have decision-making authority or directly
2 profit from the payoffs or resale of the rigged properties" other than the 1 percent listing
3 agent commission he earned before, during, and after the conspiracy for properties listed
4 by Mr. Giraudo, strongly supports a non-custodial sentence. *See* SR at Page 2. Even if the
5 Court agrees with the government that Mr. Appenrodt's substantial assistance warrants
6 only a slight downward departure, the Court should still impose a non-custodial sentence
7 as a matter of variance to the guidelines range, just as Mr. Raju recommended.

8       The government wrongly characterizes punishment without a custodial sentence as
9 "a fine alone." Gov't Memo, Dkt. No. 303, at 4:15. This ignores that probation is not "an
10 act of leniency," *Gall v. United States*, 552 U.S. 38, 44 (2007), while also failing to take
11 account of the many collateral harms visited upon Mr. Appenrodt by virtue of his felony
12 conviction, such as loss of his professional licenses and grave damage to his personal and
13 professional reputation. *See* PSR ¶¶ 24, 51, 54, *see generally* Sentencing Memo, Dkt. No.
14 302, Exs. A-H. The sentence the Probation Officer recommends is no mere slap-on-the-
15 wrist, and it is sufficient, but not greater than necessary, to achieve the goals of § 3553(a).
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

For all of the reasons set forth above, and in Mr. Appenrodt's sentencing memorandum, the Court should follow the sentencing recommendations of the Probation Officer and impose a sentence of 3 years' probation, a fine of $26,699, 150 hours of community service, and the other specific conditions of probation, with the exception of the search and no-contact with any co-defendant conditions.

DATED: April 23, 2018         Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By:     */s/ Jeffrey L. Bornstein*
       Jeffrey L. Bornstein

Attorneys for Defendant
JAMES F. APPENRODT

4
Case No. 14-cr-0534-CRB
JAMES APPENRODT'S REPLY TO UNITED STATES' SENTENCING MEMOM AND MOTION FOR DOWNWARD DEPARTURE
[3246052.5]

EXHIBIT A

|  |  | PLEA AGREEMENT | | | JUDGMENT & COMMITMENT ORDER | | | |
|---|---|---|---|---|---|---|---|---|
| DEFENDANT | CASE # | ADJUSTED OFFENSE LEVEL | ROLE ADJUSTMENT? | VOLUME OF COMMERCE | IMPRISONMENT | PROBATION | FINE | RESTITUTION |
| Alvernaz, Grant | CR 11-00432-PJH | 13 | No | $6,327,259.00 | None | 3 years | $63,272.00 | $5,350.00 |
| Barta, Wesley | CR 13-00413-PJH | 13 | No | $5,756,772.00 | None | 3 years | $7,500.00 | $100.00 |
| Bishop, Thomas | CR 14-00001-PJH | 13 | No | $1,118,443.00 | None | 3 years | $20,000.00 | $11,079.60 |
| Bo, Chuokee | CR 13-00730-PJH | 11 | No | $841,750.00 | None | 3 years | $20,000.00 | $13,219.00 |
| Cheng, Chung Li | CR 14-00593-PJH | 18 | Yes (+4) | $24,704,142.00 | None | 3 years | $247,041.00 | $258,754.31 |
| Cheng, Su Chu | CR 14-00594-PJH | 14 | No | $10,494,824.00 | None | 3 years | $20,000.00 | $178,155.46 |
| De Sanz, Miguel | CR 14-00581-PJH | 13 | No | $2,665,073.00 | None | 3 years | $26,651.00 | $111,771.32 |
| Ditmer, Douglas | CR 12-00448-PJH | 13 | No | $2,970,203.00 | None | 3 years | $20,000.00 | $91,144.00 |
| Franciose, Thomas | CR 11-00426-PJH | 11 | No | $998,600.00 | None | 3 years | $20,000.00 | $18,204.00 |
| Galvez, Irma | CR 13-00414-PJH | 11 | Yes (-2) | $1,283,218.00 | None | 3 years | $3,000.00 | None |
| Gonzales, Charles | CR 14-00099-PJH | 13 | No | $3,010,107.00 | None | 3 years | $20,000.00 | $27,151.00 |
| Kahan, Stan | CR 13-00412-PJH | 13 | No | $1,283,218.00 | None | 3 years | $20,000.00 | $12,746.00 |
| Kramer, Robert | CR 11-00423-PJH | 14 | No | $12,857,000.00 | None | 3 years | $20,000.00 | $319,855.51 |
| Larsen, Eric | CR 11-00723-PJH | 11 | Yes (-2) | $1,265,000.00 | None | 3 years | $4,000.00 | None |
| Legault, Thomas | CR 11-00429-PJH | 11 | No | $754,605.00 | None | 3 years | $20,000.00 | $2,411.00 |
| Leung, Dominic | CR 12-00083-PJH | 13 | No | $2,070,000.00 | None | 3 years | $27,000.00 | $45,428.50 |
| Lippman, Wayne | CR 15-00245-PJH | 14-17 | No | $18,892,226.38 | None | 3 years | $188,922.00 | $123,879.60 |
| Liu, Danli | CR 12-00611-PJH | 13 | No | $1,445,571.00 | None | 3 years | $5,000.00 | $21,888.95 |
| Margen, David | CR 11-00425-PJH | 13 | No | $6,100,000.00 | None | 3 years | $20,000.00 | $63,114.00 |
| McDonough, Peter | CR 13-00144-PJH | 20 | No | $9,434,922.00 | None | 3 years | $20,000.00 | $53,300.00 |
| Moore, Douglas | CR 11-00431-PJH | 13 | No | $6,327,259.00 | None | 3 years | $20,000.00 | $9,540.00 |
| Powers, Timothy | CR 11-00722-PJH | 13 | No | $2,000,000.00 | None | 3 years | $20,000.00 | $31,068.00 |
| Renquist, Michael | CR 13-00143-PJH | 13 | No | $5,964,348.00 | None | 3 years | $20,000.00 | $239,590.17 |
| Rock, Charles | CR 14-00607-PJH | 13 | No | Not stated | None | 3 years | $4,000.00 | $12,084.00 |
| Roemer, Bradley | CR 15-00229-PJH | 11 | Yes (-2) | $2,248,335.00 | None | 3 years | $10,000.00 | $2,809.00 |
| Roemer, Mark | CR 15-00228-PJH | 13 | No | $2,248,335.00 | None | 3 years | $20,000.00 | $2,809.00 |
| Shiells, John | CR 14-00581-PJH | 13 | No | $5,013,679.00 | None | 3 years | $50,137.00 | $275,389.00 |
| Silva, Rudolph | CR 14-00002-PJH | 14 | No | $4,063,024.00 | None | 3 years | $6,000.00 | $23,576.75 |
| Slipper, Keith | CR 12-00447-PJH | 13 | No | $1,538,003.00 | None | 3 years | $20,000.00 | $58,669.00 |
| Vesce, Joseph | CR 13-00415-PJH | 13 | No | $2,136,586.00 | None | 3 years | $21,365.00 | $52,550.00 |
| Wan, Garry | CR 14-00604-PJH | 13 | Yes (-2) | Not stated | None | 3 years | $7,500.00 | None |
| Wong, Hilton | CR 12-00082-PJH | 13 | No | $2,800,000.00 | None | 3 years | $20,000.00 | $40,800.00 |
| Wong, Jaime | CR 11-00427-PJH | 13 | No | $1,850,000.00 | None | 3 years | $20,000.00 | $102,429.00 |
| Wong, Jorge | CR 11-00428-PJH | 11 | Yes (-2) | $1,850,000.00 | None | 3 years | $20,000.00 | None |
| Zepernick, Gernot | CR 14-00512-PJH | 11 | Yes (-2) | Not stated | None | 3 years | $6,000.00 | None |